

FILED
MAR 24 2020
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY             DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>JACQUELINE ANDRADE,<br><br>Defendant. | Case No.: **20MJ8408-RBM**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on February 5, 2020, to determine whether Defendant, JACQUELINE ANDRADE, should be held in custody pending trial on the grounds that she is a flight risk. Assistant United States Attorney Rosario Gonzalez appeared on behalf of the United States. Attorney James Johnson of Federal Defenders, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer, and the Complaint issued against the Defendant on January 31, 2020 by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

# I

# FINDINGS OF FACT

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1)):

1. The Defendant is charged in Criminal Complaint No. 20MJ8408 with the possession with intent to distribute of 39.68 kilograms (84.479 pounds) of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., § 841. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offenses for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801, et seq.). Therefore, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See, 18 U.S.C. § 3142(e).

3. The offense carries a minimum mandatory sentence of 10 years and a maximum sentence of life. See, 21 U.S.C. § 960(b)(1)(H). According to the United States Sentencing Guidelines, the Base Offense level is 36. See, USSG § 2D1.1(c)(3). Assuming the Defendant's criminal history score places her in Criminal History Category I, see, USSG § 4A1.1, the sentencing range for the Defendant is 188-235 months in prison.

B. Weight of the Evidence Against the Defendant (18 U.S.C. §3142(g)(2)):

1. On January 30, 2020, Jacqueline ANDRADE (ANDRADE), a United States Citizen, presented for inspection at the fully functional United States Border Patrol Highway 86 Checkpoint in Westmorland, California. ANDRADE was the driver of a black 2004 Nissan Altima (Nissan ) bearing California license plates.

2. During primary inspection, a Border Patrol Agent (BPA) noticed ANDRADE appeared nervous and was unable to keep eye contact during the conversation. The BPA opted to refer ANDRADE to the vehicle secondary area for a thorough inspection.

3. In the secondary inspection area, BPA Agents scanned the Nissan utilizing a Human/Narcotics Detector Dog which alerted to the back end of the vehicle. A thorough search of the Nissan resulted in the discovery of 70 packages concealed throughout the Nissan. BPA Agents field-tested the white crystal-like substance from the packages and

determined it tested positive for the properties for methamphetamine. The combined weight of the packages was 39.68 kilograms (84.479 pounds) of methamphetamine.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3))</u>:

1. Defendant was the driver and registered owner of the vehicle in which the narcotics were discovered. Therefore, the weight of the evidence is strong against Defendant.
2. Defendant resides in Mexicali, Mexico and has been living there for the past six months.
3. Defendant's boyfriend is undocumented and lives with Defendant in Mexico.
4. Pretrial Services was unable to verify Defendant's ties to the community.
5. Defendant is unemployed.
6. Defendant has a possible substance abuse issue given the nature of her prior arrest.

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>:

The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. However, Defendant has two prior arrests from 2015 and 2019. In addition, the 2015 arrest is for possession of controlled substance paraphernalia and use or being under the influence of a controlled substance.

## II

## **REASONS FOR DETENTION**

A. There is probable cause to believe that Defendant committed the offense charged in Criminal Complaint Number 20MJ8408, to wit: the possession with intent to distribute of 39.68 kilograms (84.479 pounds) of methamphetamine, in violation of Title 21, U.S.C., § 841.

B. Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, she has a strong motive to flee.

C. Defendant has substantial ties to Mexico.

D. Defendant has not rebutted the presumption, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

## III

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**
DATED: 3/24/2020

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

Prepared by:

ROBERT S. BREWER, JR
United States Attorney

ROSARIO GONZALEZ
Assistant U.S. Attorney

cc: James Johnson
Counsel for Defendant