# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>JACQUELINE ANDRADE,<br><br>                              Defendant. | Case No. 20cr726-MMA<br><br>**ORDER RE: DEFENDANT'S APPEAL OF MAGISTRATE JUDGE DECISION**<br><br>[Doc. No. 25] |

Defendant Jacqueline Andrade is charged in a single-count Information with one count of possession with intent to distribute methamphetamine in violation of Title 21, United States Code, sections 841(a)(1). *See* Doc. No. 13. Defendant is currently detained pursuant to the order of United States Magistrate Ruth Bermudez Montenegro. *See* Doc. No. 19. On April 16, 2020, the parties jointly moved for reconsideration of the detention order. *See* Doc. No. 20. Judge Montenegro denied the joint motion. *See* Doc. Nos. 21, 24. Defendant appeals Judge Montenegro's rulings. *See* Doc. No. 25. For the reasons set forth below, the Court **GRANTS** Defendant's appeal and **REVOKES** the order of detention.

**BACKGROUND**

Defendant Jacqueline Andrade is charged with possessing with intent to distribute approximately 87 pounds of methamphetamine, discovered on January 30, 2020 in the panels of her vehicle's trunk during a canine sniff search at the Highway 86 immigration checkpoint in Westmoreland, California. On February 5, 2020, Judge Montenegro ordered Defendant detained pending trial as a flight risk based on the amount of methamphetamine involved in the case, the potential 10-year mandatory minimum sentence that Defendant faces, Defendant's current residence in Mexicali, Mexico, her lack of verifiable ties to the community, and her previous arrests. *See* Doc. No. 19.

On April 16, 2020, the parties jointly requested that Judge Montenegro reconsider detention and order Defendant released subject to various conditions, including execution of a $25,000 personal appearance bond secured by the signature of Mickul Mercado. *See* Doc. No. 20. Judge Montenegro denied the request citing her previous findings regarding Defendant's risk of flight and noting that the parties had not provided sufficient information regarding the proposed surety, Mr. Mercado. *See* Doc. No. 21. Thereafter, the parties provided additional information regarding Mr. Mercado and his relationship with Defendant. *See* Doc. No. 22. After thorough and thoughtful consideration of the parties' proffer, Judge Montenegro once again declined to reconsider detention and ordered Defendant to remain detained as a flight risk. *See* Doc. No. 24.

Defendant now appeals, arguing that she poses neither a flight risk nor a danger to the community and should be released subject to the following conditions: (1) execution of a $25,000 personal appearance bond secured by the signature of Mr. Mercado; (2) residence with Mr. Mercado in the Eastern District of California; (3) travel limited to the Eastern District of California, the Southern District of California, and points of travel; (4) participation in GPS monitoring; and (5) home confinement. *See* Doc. No. 25 at 3.

//
//
//

## DISCUSSION

A district court has jurisdiction to review a magistrate judge's detention order pursuant to 18 U.S.C. § 3145(b), which provides: "If a person is ordered detained by a magistrate [United States magistrate judge], or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.  The motion shall be determined promptly."  The Court must review the magistrate judge's order *de novo*.  *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).

"Congress enacted the Bail Reform Act in 1984 [18 U.S.C. § 3142 et seq] in response to criticism that the prior law did not provide judges with sufficient authority to make decisions regarding the pretrial release of defendants who posed serious risks of flight or danger to the community."  *United States v. Montoya*, 486 F. Supp. 2d 996, 999 (D. Ariz. 2007).  Section 3142(g) specifies the factors the Court must consider when determining if any set of conditions will assure a defendant's future appearances in court:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Defendant is charged with violating the Controlled Substances Act and faces a potential statutory mandatory minimum prison term of 10 years. *See* 21 U.S.C. § 960(b)(1)(B)(H).  Based on the nature of the charges, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the . . . Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.)." 18 U.S.C. § 3142(e)(3)(A). The presumption of detention shifts the burden of production to Defendant. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

In considering the Section 3142(g) factors noted above and reviewing the record *de novo*, the Court finds that Defendant has met her burden.  The balance of factors weighs in favor of releasing Defendant subject to appropriate conditions.  Importantly, there is no evidence before the Court to suggest that Defendant would pose any danger to the community.  Defendant has now shown that she has ties to California.  She has a willing surety and a satisfactory release plan, including a stable place to reside.  Moreover, travel limitations, GPS monitoring, and home confinement will reasonably assure Defendant's appearance at future proceedings as required.

Accordingly, the Court finds that Defendant has successfully rebutted the presumption of detention in this case.  The Court concludes that Defendant does not pose a danger to the community and the proffered conditions of release will mitigate against any risk of flight.

## CONCLUSION

Based on the foregoing, the Court **REVOKES** the previous order of detention. The Court **ORDERS** Defendant released on bond during the pendency of these proceedings subject to the usual mandatory and standard conditions, as well as the

additional conditions proposed by the parties, as set forth above.  The Court **REFERS** the matter to a magistrate judge to conduct a surety exam if necessary and approve the completed bond paperwork.

      **IT IS SO ORDERED**.

DATED: April 24, 2020

*[signature]*
HON. MICHAEL M. ANELLO
United States District Judge